Jerry R. **MALONE**, Plaintiff,

v.

**SAFEWAY STORES, INC.**, a Delaware corporation, and **United Food and Commercial Workers Local 55**, Defendants.

**Civ. No. 87–530–FR.**

United States District Court,
D. Oregon.

Nov. 20, 1987.

Mary Lois Wagner, Shepard & Wagner, Eugene, Or., for plaintiff.

Janice M. Stewart, David B. Paradis, McEwen, Gisvold, Rankin & Stewart, Port-

land, Or., for defendant Safeway Stores, Inc.

## OPINION

FRYE, Judge:

Defendant Safeway Stores, Inc. (Safeway) moves to dismiss the third claim for relief from plaintiff, Jerry R. Malone's, amended complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

The third claim for relief is a common law claim for the intentional infliction of emotional distress. In his third claim for relief, Malone alleges that Safeway discriminated in the terms and conditions of Malone's employment by reducing his work hours and by subjecting him to testing which had a substantially disparate impact on older employees. In addition, he alleges that his supervisor, Lynn Ferber, told him that she intended to "get rid of" him and engaged in a course of conduct designed to embarrass and humiliate him. Malone alleges that Ferber insulted, ridiculed and criticized him and his wife alone and in front of other workers and customers and threatened to schedule Malone for graveyard shifts and other shifts which she knew conflicted with his religious obligations.

## CONTENTIONS OF THE PARTIES

Safeway first contends that the terms and conditions of Malone's discharge are governed by the collective bargaining agreement and, as such, his third claim for relief is pre-empted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA), which governs suits for violation of contracts between employers and labor organizations. Safeway, thus, argues that federal law, not state common law, applies to Malone's third claim for relief.

Safeway also contends that the factual basis for Malone's third claim for relief is the same as the factual basis for Malone's age discrimination claim under O.R.S. 659.-030 and that the common law claim is therefore barred.

Malone contends that he does not have a remedy under the collective bargaining agreement for the intentional infliction of emotional distress, and therefore he is entitled to the protection of the common law for compensation for his injuries. Malone contends that the factual basis for his third claim goes beyond the factual basis of the wrongful discharge claim.

## APPLICABLE STANDARD

The court should dismiss a complaint for failure to state a claim only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

## DISCUSSION

■ With respect to Safeway's argument that plaintiff's third claim is pre-empted by federal law, this claim, like Malone's previously-dismissed claim for breach of the duty of fair dealing, exists independently of the collective bargaining agreement and does not arise out of that agreement. *See Malone v. Safeway Stores, Inc.*, Civil No. 87–530–FR, slip op. at 6. (D.Or. July 13, 1987). Thus, the state law claim is not pre-empted by section 301 of the LMRA.

■ In support of its second argument, Safeway cites *Holien v. Sears, Roebuck and Co.*, 298 Or. 76, 689 P.2d 1292 (1984), in which the Oregon Supreme Court held that a plaintiff cannot recover general and punitive damages for common law wrongful discharge unless the claim is based on facts other than those which would support a claim of discrimination under O.R.S. 659.-030.

In *Carstens v. Louisiana Pacific*, Civil No. 84–855 (D.Or. December 10, 1984), the Honorable Edward Leavy, following *Holien*, stated that "the discriminatory conduct proscribed by [O.R.S. 659.030] cannot, standing alone, constitute the basis for a tort claim as well." *Id.*, slip op. at 6.

On the other hand, a plaintiff who brings a discrimination claim may also proceed in

common law tort if the common law tort alleged requires the proof of facts beyond those necessary to make out the discrimination claim. Among such tort claims is that for intentional infliction of emotional distress. As explained by the Honorable Hans Linde of the Oregon Supreme Court:

It does not follow that an employee's [tortious] discharge cannot be an element in another tort. The gist of tortious discharge is an economic harm, the loss of the job, although damages may extend to consequential injuries. By definition, the tort is that of an employer. Intentional infliction of severe psychic or emotional distress is a different tort. [I]t requires both an aim to inflict severe psychic harm and its actual accomplishment by socially intolerable methods.

*Patton v. J.C. Penney Co.*, 301 Or. 117, 125, 719 P.2d 854 (1986) (Linde, J., concurring and dissenting).

Although Safeway maintains that Malone's third claim for relief is merely that he suffered emotional distress as a result of Safeway's discriminatory acts, Malone contends that Safeway intentionally inflicted severe emotional distress and that the actions exceeded the limits of societal toleration.

## CONCLUSION

The court concludes that Malone's third claim for relief alleges more than a simple wrongful discharge. Whether he can prove his allegations depends on the evidence at trial.

Safeway's motion to dismiss Malone's third claim for relief is denied.